# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

**CASE NO. 8:20-bk-00565-RCT**
**CHAPTER 7**

IN RE:

**DANIEL RODRIGUEZ and**
**BLANCA R MARANTE HERNANDEZ,**

      **Debtors**

_____/

### RESIDENTIAL MORTGAGE LOAN TRUST I'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### TO ENFORCE FORECLOSURE FINAL JUDGMENT
### Re: 3121 W DEWEY ST, TAMPA, FLORIDA 33607

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899, and serve a copy on the movant's attorney, Taji Foreman, Esq., at Kahane & Associates, P.A., 8201 Peters Road, Ste 3000, Plantation, FL 33324, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

      **COMES NOW** RESIDENTIAL MORTGAGE LOAN TRUST I, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE, its Successors and/or Assigns ("Secured Creditor"), by and through its undersigned counsel, moves for Relief from the Automatic Stay and states:

      1.    The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a) and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2.    The Debtors listed above (the "Debtors") filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on January 24, 2020.

3.    On July 27, 2010, Plaintiff, RESIDENTIAL MORTGAGE LOAN TRUST I, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE commenced a foreclosure action in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, which ultimately resulted in the entry of a foreclosure Final Summary Judgment against the Debtors on April 9, 2019 in the amount of $388,513.04 (the "Judgment"). A copy of the Judgment is attached hereto as **Exhibit "A"**.  Said Judgment confirms RESIDENTIAL MORTGAGE LOAN TRUST I, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE TRUSTEE's interest in the Debtors' property located at 3121 W. Dewey St, Tampa, Florida 33607, legally described as:

**LOT 14, BLOCK 38, JOHN H. DREW'S FIRST EXTENSION, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 5, PAGE 42, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.**

4.    According to the Hillsborough Property Appraiser, the estimated market value of the subject property is $212,970.00. See **Exhibit "B"** attached hereto. Thus, there is no equity in the subject property for the benefit of unsecured creditors of the estate.

5.    Upon information and belief, said property has not been claimed exempt and, pursuant to the duly filed Statement of Intentions, the property is being surrendered. The property has not been abandoned by the Trustee.

6.    Secured Creditor maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) for the automatic stay be lifted to allow Secured Creditor to pursue *in rem* remedies given that its interests are not being adequately protected due to the failure of the Debtors to make payments

prior to the filing of the instant bankruptcy petition and that there is no equity in the subject property for the benefit of unsecured creditors of the estate.

7.    Furthermore, Secured Creditor's security interest in the property is being significantly jeopardized by the Debtors' failure to make said payments while Secured Creditor is prohibited from pursuing lawful remedies to enforce said judgment.

8.    Secured Creditor respectfully requests the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3), so the Secured Creditor can pursue its *in rem* remedies without further delay.

9.    Secured Creditor requests that the Court Order provide that all communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent to the Debtors.

**WHEREFORE**, Secured Creditor respectfully requests that the automatic stay be lifted so that it may pursue *in rem* remedies to protect its security interests in the Debtors' property outside of the bankruptcy forum, that the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) be waived, that in the event a hearing is necessary, the hearing be held within thirty (30) days, and for such other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed and/or mailed to all parties listed below this _____ll th_____ day of _____March_____, 2020.

Daniel Rodriguez
3121 West Dewey Street
Tampa, Florida 33607

Blanca R Marante Hernandez
3121 West Dewey Street
Tampa, Florida 33607

Pablo B Morla, Esq.
Morla Law Group, P.A.
Attorney for Debtor(s)
3621 W. Kennedy Boulevard
Tampa, Florida 33609

Larry S. Hyman, Trustee
P.O. Box 18625
Tampa, Florida 33679

*Office of U.S. Trustee*
United States Trustee – TPA7/13, 7
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL  33602

Respectfully Submitted,

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone:  (954) 382-3486,
Telefacsimile: (954) 382-5380

By: _____
☐ Marc G. Granger , Esq., Fla. Bar No.: 146870
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837
☐ Taji Foreman, Esq., Fla. Bar No.: 58606

# Exhibit "A"

INSTRUMENT#: 2019203877, BK: 26621 PG: 774 PGS: 774 - 778 05/14/2019 at 09:05:49 AM,     DEPUTY CLERK:ADUPREE1 Pat Frank,Clerk of the Circuit Court Hillsborough County

IN THE CIRCUIT COURT OF THE 13TH
JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. 10-CA-015316-CA-J

RESIDENTIAL MORTGAGE LOAN TRUST
I, U.S. BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS LEGAL TITLE TRUSTEE,

      Plaintiff,

vs.

BLANCA M. RODRIGUEZ; DANIEL
RODRIGUEZ; UNITED STATES OF
AMERICA; UNKNOWN PERSON(S) IN
POSSESSION OF THE SUBJECT
PROPERTY,

      Defendants.

_____/

## UNIFORM FINAL JUDGMENT OF FORECLOSURE
### (Effective October 15, 2018)

THIS ACTION was tried before the Court on April 9, 2019. Based on the evidence presented, and being otherwise fully informed in the premises,

IT IS ADJUDGED that:

1. Final Judgment of foreclosure is hereby entered in favor of the Plaintiff. Service of process has been duly and regularly obtained over BLANCA M. RODRIGUEZ and DANIEL RODRIGUEZ, defendants.

2. **VALUE OF CLAIM: At the initiation of this action, in accordance with section 28.241(1)(a)2.b., Florida Statutes (effective for actions filed on and after June 1, 2009), Plaintiff estimated the amount in controversy of the claim to be $275,664.86. In accordance with 28.241(1)(a)2.c., Florida Statutes, the court identifies the actual value of the claim to be $388,513.04. For any difference between the estimated amount in controversy and the actual value of the claim that requires the filing fee to be adjusted, the clerk shall adjust the filing fee. In determining whether the filing fee needs to be adjusted, the following graduated filing fee scale in section 28.241(1)(a)2.d., Florida Statutes, controls:**

| $400.00 | Value of claim less than or equal to $50,000.00 with 5 defendants or less |
| $905.00 | Value of claim greater than $50,000.00 but less than $250,000.00 with 5 |

File No. 10-09852 PHL

Bk 26621 Pg 775

| | defendants or less |
|---|---|
| $1905.00 | Value of Claim $250,000.00 or greater with 5 defendants or less |

**If an excess filing fee was paid, the clerk shall provide a refund of the excess fee. If an additional filing fee is owed, the Plaintiff shall pay the additional fee prior to the judicial sale. If any additional filing fee owed is not paid prior to the judicial sale, the clerk shall cancel the judicial sale without further order of the court.**

3. <u>**Amounts Due**</u>. There is due and owing to the Plaintiff the following:

| | | |
|---|---|---|
| Principal due on the note secured by the mortgage foreclosed | $ | 272,250.00 |
| Interest on the note and mortgage from 09/01/09 to 04/09/19 | $ | 78,475.13 |
| Late Charges | $ | 1,247.01 |
| Escrow Advances | $ | 35,844.90 |
|     Taxes $13,643.12 | | |
|     Insurance Premiums $21,537.78 | | |
|     Escrow Balance $664.00 | | |
| BPO | $ | 332.00 |
| Property Inspections | $ | 364.00 |
| **TOTAL SUM:** | $ | 388,513.04 |

4. <u>**Interest.**</u> The total sum referenced in Paragraph 3 shall bear interest from this date forward at the prevailing legal rate of interest.

5. <u>**Lien on Property.**</u> Plaintiff, whose address is c/o Planet Home Lending, LLC, 321 Research Parkway, Ste 303, Meriden, Connecticut 06450, holds a lien for the total sum specified in Paragraph 3 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to sections 718.116 or 720.3085, Florida Statutes. The plaintiff's lien encumbers the subject property located in Hillsborough County, Florida and described as:

> **LOT 14, BLOCK 38, JOHN H. DREW'S FIRST EXTENSION, ACCORDING TO MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 5, PAGE 42, OF THE PUBLIC RECORD OF HILLSBOROUGH COUNTY, FLORIDA.**
> **Property Address: a/k/a 3121 W DEWEY ST, TAMPA, FLORIDA 33607**

6. <u>**Sale of Property.**</u> If the total sum with interest at the rate described in Paragraph 4 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property to the highest bidder for cash at public sale on ~~June 8~~, 2019 at 10:00 A.M. after having first given notice required by Section 45.031, Florida Statutes. The judicial sale will be conducted electronically online at the following website: http://www.hillsborough.realforeclose.com. At least three (3) days prior to the sale Plaintiff must pay the costs associated with the Notice of Publication. The party or their attorney shall be responsible for preparing, in accordance with section 45.031(2), Florida Statutes, and submitting the Notice of Sale to a legal Publication. The original

File No. 10-09852 PHL

Bk 26621 Pg 776

Notice of Sale and Proof of Publication must be filed with the Clerk of the Circuit Court at least 24 hours prior to the scheduled sale date.

7. **Costs.** Plaintiff shall advance all subsequent required costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. *If a third party bidder is the purchaser, the third party bidder must pay the documentary stamps attached to the certificate of title in addition to the bid.*

8. **Additional Expenses, Fees, and Costs.** If, subsequent to the entry of this final judgment but prior to the actual sale date of the property, Plaintiff incurs additional expenses, fees, or costs in order to protect its interest in the property after entry of this judgment including, but not limited to, real estate taxes, hazard insurance, property preservation, or other necessary costs, plaintiff may, by written motion served on all parties, seek to amend this final judgment to include said additional expenses, fees and costs.

9. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate, *unless the property is purchased by a third party bidder*; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 4 from this date to the date of the sale; and by retaining any remaining amount pending further Order of this Court.

10. **Right of Possession/Right of Redemption.** On filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by Section 45.0315, Florida Statutes, shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the Certificate of Title, the person named in the Certificate of Title shall be let into possession of the property.

11. In accordance with Florida Statutes, Section 45.031:

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT AT 813-276-8100 EXT. 4733 WITHIN TEN (10) DAYS AFTER THE

Bk 26621 Pg 777

SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT BAY AREA LEGAL SERVICES, 829 W. DR. MARTIN LUTHER KING BOULEVARD, 2ND FLOOR, TAMPA, FLORIDA, 33603-3336, TELEPHONE NUMBER, 813-232-1343, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE HILLSBOROUGH COUNTY BAR ASSOCIATION REFERRAL SERVICE AT 813-221-7780 FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

12. **Assignment.** *The Plaintiff may assign the judgment and credit bid by the filing of an assignment prior to the issuance of the certificate of title without further order of the court.*

13. **Jurisdiction Retained.** The court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, *orders authorizing writs of possession and an award of attorney's fees, to enter deficiency judgments if the borrower has not been discharged in bankruptcy, and to enforce adequate protection ordered, if applicable.*

14. **Jurisdiction of this action is retained to allow for a supplemental complaint to add omitted parties post-judgment.**

DONE AND ORDERED in Chambers in Tampa, HILLSBOROUGH County, Florida, this 8 day of May, 2019.

_____
CIRCUIT JUDGE

Copies furnished to the parties on the attached service list:

File No. 10-09852 PHL

Bk 26621 Pg 778

### SERVICE LIST

10-CA-015316-CA-J

KAHANE & ASSOCIATES, P.A.
8201 PETERS ROAD, STE.3000
PLANTATION, FL 33324
**DESIGNATED SERVICE EMAIL:** NOTICE@KAHANEANDASSOCIATES.COM

BLANCA M. RODRIGUEZ
c/o DAVID D. SHARPE, ESQ.
1101 N. ARMENIA AVENUE
TAMPA, FLORIDA 33607
Pleadings@DarioDiazLaw.com

DANIEL RODRIGUEZ
c/o DAVID D. SHARPE, ESQ.
1101 N. ARMENIA AVENUE
TAMPA, FLORIDA 33607
Pleadings@DarioDiazLaw.com

# Exhibit "B"



Bob Henriquez
## Hillsborough County Property Appraiser

https://www.hcpafl.org/
15th Floor County Ctr.
601 E. Kennedy Blvd, Tampa, Florida 33602-4932
Ph: (813) 272-6100

# Folio: 176614-1000



### Owner Information

| | |
|---|---|
| Owner Name | RODRIGUEZ DANIEL |
| | RODRIGUEZ BLANCA M |
| Mailing Address | 3121 W DEWEY ST |
| | TAMPA, FL 33607-1512 |
| Site Address | 3121 W DEWEY ST, TAMPA |
| PIN | A-10-29-18-4OS-000038-00014.0 |
| Folio | 176614-1000 |
| Prior PIN | |
| Prior Folio | 176614-0000 |
| Tax District | TA - TAMPA |
| Property Use | 0100 SINGLE FAMILY R |
| Plat Book/Page | 5/42 |
| Neighborhood | 204005.00 | Stadium Area, East Side |
| Subdivision | 4OS | DREW'S JOHN H 1ST EXTENSION |

### Value Summary

| Taxing District | Market Value | Assessed Value | Exemptions | Taxable Value |
|---|---|---|---|---|
| County | $212,970 | $121,717 | $50,000 | $71,717 |
| Public Schools | $212,970 | $121,717 | $25,000 | $96,717 |
| Municipal | $212,970 | $121,717 | $50,000 | $71,717 |
| Other Districts | $212,970 | $121,717 | $50,000 | $71,717 |

Note: This section shows Market Value, Assessed Value, Exemptions, and Taxable Value for taxing districts. Because of changes in Florida Law, it is possible to have different assessed and taxable values on the same property. For example, the additional $25,000 Homestead Exemption and the non-homestead CAP do not apply to public schools, and the Low Income Senior Exemption only applies to countywide and certain municipal millages.

### Sales Information

| Book | Page | Month | Year | Type Inst | Qualified or Unqualified | Vacant or Improved | Price |
|---|---|---|---|---|---|---|---|
| 11694 | 0964 | 06 | 2002 | WD | Qualified | Improved | $145,000 |
| 10909 | 0855 | 04 | 2001 | WD | Unqualified | Improved | $100 |
| 4064 | 0668 | 02 | 1983 | QC | Unqualified | Improved | $100 |
| 3981 | 0288 | 08 | 1982 | WD | Qualified | Vacant | $11,000 |

## Building Information
### Building 1

| | |
|---|---|
| Type | 01 | SINGLE FAMILY |
| Year Built | 1984 |



### Building 1 Construction Details

| Element | Code | Construction Detail |
|---|---|---|
| Class | C | Masonry or Concrete Frame |
| Exterior Wall | 7 | Masonry Frm: Stucco |
| Exterior Wall | 4 | Wood/Masonry Siding |
| Roof Structure | 3 | Gable or Hip |
| Roof Cover | 3 | Asphalt/Comp. Shingle |
| Interior Walls | 5 | Drywall |
| Interior Flooring | 8 | Carpet |
| Heat/AC | 2 | Central |
| Architectural Style | 10 | Contemporary Multi-Story |
| Condition | 3 | Average |
| Bedrooms | 3.0 | |
| Bathrooms | 2.5 | |
| Stories | 2.0 | |
| Units | 1.0 | |

### Building 1 subarea

| Area Type | Gross Area | Heated Area | Depreciated Value |
|---|---|---|---|
| FOP | 102 | | $2,110 |
| BAS | 102 | 102 | $8,277 |
| TWO | 884 | 884 | $68,167 |
| FGR | 340 | | $13,796 |
| BAS | 204 | 204 | $16,555 |
| FOP | 85 | | $1,704 |
| OWH | 663 | 663 | $53,803 |
| ADD | | | $0 |
| BAL | 102 | | $1,217 |
| **Totals** | **2,482** | **1,853** | **$165,629** |

## Extra Features

| OB/XF Code | Description | Building | Year On Roll | Length | Width | Units | Value |
|---|---|---|---|---|---|---|---|
| 0595 | FIREPLACE | 1 | 1984 | 0 | 0 | 1.00 | $2,507 |
| 0651 | SHED NOT PERMANENTLY AFFIXED | 1 | 1984 | 0 | 0 | 1.00 | $0 |
| 0460 | CARPORT | 1 | 1984 | 0 | 0 | 40.00 | $292 |

## Land Information

| Use Code | Description | Zone | Front | Depth | Land Type | Total Land Units | Land Value |
|---|---|---|---|---|---|---|---|
| REI0 | Res SF Class 9.00 | RS-50 | 50.00 | 98.00 | SE | SF LOTS W/ EFF SIZE | 4,900.00 | $44,541 |

## Legal Description
DREW'S JOHN H 1ST EXTENSION LOT 14 BLOCK 38